Filed 12/1/20  P. v. Williams CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>MARCELLIS WILLIAMS,<br><br>　　　Defendant and Appellant. | A160382<br><br>(San Francisco City & County<br>Super. Ct. No. 13015322,<br>SCN221214) |

Defendant Marcellis Williams appeals the trial court's order denying his petition for resentencing pursuant to Penal Code[1] section 1170.95. Because defendant is ineligible for relief as a matter of law, we affirm the court's order.

## PROCEDURAL BACKGROUND

In November 2013, an information was filed by the San Francisco District Attorney charging defendant with one count of murder (§ 187, subd.  (a)) with an allegation he was armed with a firearm (§ 12022, subd. (a)(1)), one count of residential burglary (§ 459), and one count of robbery (§ 211).[2]

---

[1] All statutory references are to the Penal Code.

[2] The robbery count was later dismissed pursuant to defense counsel's section 995 motion.

The prosecutor, in April 2014, orally moved to add a charge of voluntary manslaughter. (§ 192, subd. (a).) Pursuant to a negotiated agreement, defendant pleaded guilty to manslaughter and first degree burglary, and admitted the arming allegation in exchange for dismissal of the murder charge and a sentence of 13 years 4 months.

In July 2014, defendant was sentenced to the agreed-upon state prison term.

After the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), on August 20, 2019, defendant filed a petition to vacate his 2014 conviction for voluntary manslaughter and to be resentenced pursuant to section 1170.95. In the petition, defendant alleged the information filed against him allowed the prosecution to proceed under a theory of felony murder, he pled guilty to first or second degree murder in lieu of going to trial, he was not the actual killer, he did not with the intent to kill aid and abet the actual killer, he was not a major participant nor did he act with reckless indifference, and the victim was not a peace officer. He requested appointment of counsel.

Counsel was appointed to represent defendant.

Defense counsel filed a supplemental memorandum in support of defendant's petition, asserting the language of the preamble to Senate Bill 1437 indicates the statute applies to someone who pleads guilty to manslaughter to avoid a conviction for first or second degree murder under one of the applicable theories. Defense counsel also filed a memorandum citing to recent published decisions on manslaughter pleas and eligibility for relief under section 1170.95.

In opposition, the prosecutor argued the petition should be denied because section 1170.95 applies only to murder convictions, not to voluntary manslaughter.

The trial court found, as a matter of law, defendant was not entitled to relief under the statute because it could not find any published or nonpublished cases suggesting "that if someone plead[s] guilty to a voluntary manslaughter because they feared a felony murder conviction at trial, . . . that person is entitled to relief under the statute."

This timely appeal followed.

## DISCUSSION

After review of the record, defendant's counsel filed an opening brief raising no issues and requesting this court conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Thereafter, defendant filed a supplemental brief contending that had Senate Bill 1437[3] been in effect when he entered his 2014 manslaughter plea, he would "not have been convicted or in hindsight been charged with first degree murder" under a felony-murder theory because he did not shoot the victim or harbor an intent to kill.

The trial court properly denied defendant's section 1170.95 petition. By its plain terms, section 1170.95 does not encompass crimes other than murder. (*People v. Cervantes* (2020) 44 Cal.App.5th 884, 886–887 [§ 1170.95 unequivocally applies to murder convictions]; *People v. Flores* (2020)

---

[3] Senate Bill 1437, which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

3

44 Cal.App.5th 985, 993, [by its plain terms, § 1170.95 limits relief to persons convicted of murder, not manslaughter]; *People v. Turner* (2020) 45 Cal.App.5th 428, 435–438; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 916; *People v. Paige* (2020) 51 Cal.App.5th 194, 204.)  Because defendant was convicted of voluntary manslaughter, not murder, he is statutorily ineligible for section 1170.95 relief.

We recognize that barring defendants who entered a plea to manslaughter from pursuing relief under section 1170.95 might lead to situations, such as here, in which they receive longer prison sentences than they would have had they gone to trial and been convicted of murder.  We reaffirm, however, that "[t]he remedy for any potentially inequitable operation of section 1170.95 lies with the Legislature," not with this court, as we are bound to follow its clear intent to provide relief only for those convicted of murder.  (*People v. Munoz* (2019) 39 Cal.App.5th 738, 760, review granted Nov. 26, 2019, S258234; see *People v. Turner*, *supra*, 45 Cal.App.5th at pp. 440–441.)

We have examined the record and are satisfied no arguable issues exist and defendant's attorney ably represented him.

### DISPOSITION

The order is affirmed.

MARGULIES, ACTING P. J.

WE CONCUR:


BANKE, J.


SANCHEZ, J.


A160382
*People v. Williams*